Filed: September 24, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-1627
(CA-97-459-3-MU)

Benita Shvaughn Harris,

Plaintiff - Appellant,

versus

Coca-Cola Bottling Company Consolidated,

Defendant - Appellee.

O R D E R

The court corrects its amending order filed August 16, 2001, as follows:

On page 4, first full paragraph, line 5 -- the spelling of the word "correctly" is corrected.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

Filed: August 21, 2001

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 99-1627
(CA-97-459-3-MU)

_____

Benita Shvaughn Harris,

                              Plaintiff - Appellant,

        versus


Coca-Cola Bottling Company Consolidated,

                              Defendant - Appellee.



_____

O R D E R

_____


     The court amends its opinion filed August 16, 2001, as
follows:

     On page 1, section 7, line 2 -- the firm name is corrected to
end "Gresham & Sumter, P.A."

     On page 4, first full paragraph, lines 3-7 -- the paragraph is
corrected to end:

     Having reviewed the parties' briefs, and after careful
     consideration of the record and the applicable law, we
     conclude that the district court correctly decided the
     issues before it.  Accordingly, we dispense with oral
     argument and affirm substantially on the reasoning of the
     district court.

The footnote, noted by an asterisk, remains at the end of the paragraph.

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

BENITA SHVAUGHN HARRIS,
Plaintiff-Appellant,

v.

No. 99-1627

COCA-COLA BOTTLING COMPANY
CONSOLIDATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-97-459-3-MU)

Submitted: September 27, 2000

Decided: August 16, 2001

Before WIDENER, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Geraldine Sumter, FERGUSON, STEIN, WALLAS, ADKINS,
GRESHAM & SUMTER, P.A., Charlotte, North Carolina, for
Appellant. Gregory P. McGuire, HAYNSWORTH, BALDWIN,
JOHNSON & GREAVES, L.L.C., Raleigh, North Carolina; Lucretia
D. Guia, HAYNSWORTH, BALDWIN, JOHNSON & GREAVES,
L.L.C., Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Benita Shvaughn Harris appeals an order of the district court grant-ing summary judgment to her former employer, Coca-Cola Bottling Company Consolidated (Coca-Cola), on her claims of retaliatory hos-tile environment and retaliatory discharge. <u>See</u> 42 U.S.C.A. § 2000e-3(a) (West 1994). Finding no error, we affirm.

I.

Harris, who is African-American, was employed by Coca-Cola as an administrative assistant from January 1994 until her termination in November 1996. Harris' difficulties began in August 1994, when Steve Hewitt became Manager of Organizational Development. Hewitt and Harris had several disagreements concerning Harris' work in general and particularly the assistance Harris provided Hewitt.

Harris' problems took a different turn in July 1996, when Coca-Cola participated in a job fair held in conjunction with a National Association for the Advancement of Colored People convention. In anticipation of the job fair, Coca-Cola placed an advertisement in <u>The Charlotte Observer</u> that stated in relevant part as follows:

> <u>Opportunity Has Never Tasted Better</u>
>
> <u>Sales Manager Trainees</u> Coca-Cola Bottling Company Consolidated will be recruiting at the NAACP Job Fair for Sales Management Trainees. The successful candidates will have a Bachelor's degree and a minimum of 6-12 months sales or management experience. In addition, successful applicants will possess excellent communication skills (i.e. listens attentively, uses proper grammar, gets point across, etc.), leadership traits (i.e. sets a good example, demon-

2

strates initiative, maintains self-control under pressure) and a high degree of integrity, among other skills and abilities.

J.A. 233. The advertisement had been prepared by Hewitt, whose responsibilities included recruiting qualified minorities. Harris read the ad in the <u>Observer</u> and decided that the inclusion of the parentheticals was degrading because it implied that African-Americans needed the parentheticals to understand what good communication skills and leadership traits were. After she reported her concern to her supervisors, the company decided that future advertisements would not contain the language to which Harris objected.

Harris' objection to the advertisement did not end with this decision, however. Rather, Harris continued to show the advertisement to other Coca-Cola employees and solicit their reactions. This conduct infuriated Hewitt, who perceived Harris' actions as an insinuation that he was a racist. As a result of Harris' conduct, Harris' supervisor met with her and placed a report in her personnel file. The report stated, among other things, that Harris needed to reduce the time she spent discussing non-business matters with her co-employees. The report also noted that the same issue had arisen with Harris during previous performance reviews.

After the meeting, Harris continued to show the advertisement to other Coca-Cola employees and discuss it with them. Several additional meetings concerning Hewitt and the advertisement followed, and Harris was eventually warned that if she could not move beyond her personal differences with Hewitt, she could be terminated.

In mid-November, Harris was informed that Hewitt was receiving a promotion. Harris responded by sending an e-mail to the company president with copies to several company executives and the board chairman expressing outrage at the employment decision and disparaging Hewitt for, among other things, his preparation of the <u>Observer</u> advertisement. Harris was subsequently terminated.

Following her termination, Harris brought suit against Coca-Cola, alleging, <u>inter alia</u>, that she was subjected to a hostile work environment in retaliation for her objection to the advertisement and that she was discharged in retaliation for sending the e-mail protesting

3

Hewitt's promotion. The district court granted summary judgment against her on those claims, ruling in both instances that the conduct Harris claimed prompted the retaliation was not protected conduct under Title VII.

II.

Harris contends that the district court erred in concluding that the conduct that she claims prompted retaliation by her employer was not protected under Title VII. Having reviewed the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we dispense with oral argument and affirm substantially on the reasoning of the district court.*

AFFIRMED
_____

* In her reply brief, Harris contends for the first time that her protected activity forming the basis for her retaliation claims was not limited to opposing the Observer ad and sending the e-mail. This argument is not properly before this court and we decline to address it. See Cavallo v. Star Enter., 100 F.3d 1150, 1152 n.2 (4th Cir. 1996) (holding that an issue first argued in a reply brief is not properly before this court).

4